IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA ROSTEUTCHER,

    Plaintiff,

vs.

FORT MYERS H AUTOMOTIVE MANAGEMENT, LLC, d/b/a HONDA OF FORT MYERS, a Florida Limited Liability Company,

    Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANA ROSTEUTCHER ("ROSTEUTCHER" or "Plaintiff") sues Defendant, FORT MYERS H AUTOMOTIVE MANAGEMENT, LLC, d/b/a HONDA OF FORT MYERS ("HONDA" or "Defendant"), and states:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. Defendant HONDA is a Florida profit corporation with its principal place of business located at 3031 North Rocky Point Drive, Ste. 770, Tampa, FL 33607 in Hillsborough County, Florida. Defendant operates an automotive dealership located at 3550 Colonial Blvd., Fort Myers, FL 33966.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). The Court has subject matter jurisdiction under 28 U.S.C. §1331.

5. This Court has personal jurisdiction over the Defendant because:

    a. Defendant engages in substantial and not isolated activity within the Middle District of Florida; and

    b. Defendant operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

6. Venue is proper because:

    a. The unlawful pay practices alleged occurred at Defendant's Fort Myers location in the Middle District of Florida; and

    b. Defendant operated a business within the judicial district and resided in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

7. At all times material, Defendant was, and continues to be, an "enterprise engaged in commerce," and in the "production of goods for commerce" as defined by the FLSA, 29 U.S.C. § 203(r) and 203(s).

8. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to: automobiles and automobile parts and accessories.

9. At all times material, the Defendant's gross sales volume exceeded $500,000 annually.

10. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA

**Individual Coverage**

12. The FLSA individually covers Plaintiff because she was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out of state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used interstate telephone and mail, such as recurrent communications with out-of-state customers.

13. At all times material hereto, the Plaintiff's work was essential to the business conducted by Defendant.

### STATEMENT OF CLAIM
### COUNT I –
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 as if fully stated herein.

15. Plaintiff was employed by Defendant from on or about December 4, 2020 through on or around September 23, 2021.

16. Plaintiff's position was Business Development Coordinator.

17. Each day, Plaintiff reported to Defendant's Honda dealership, located at 3550 Colonial Blvd., Fort Myers, FL 33966.

18. Defendant paid Plaintiff on an hourly basis.

19. Beginning in February 2021, Plaintiff was required by her supervisor, Rafael Calleja, to work Monday through Saturday, from 8:00 AM until 5:00 PM.

20. Although Plaintiff's schedule required her to regularly work over 40 hours each week, Mr. Calleja told Plaintiff she could only remain "on the clock" Monday through Friday, 8:00 AM to 4:00 PM, i.e., 40 hours total in the workweek. If Plaintiff's time exceeded 40 hours in the workweek, Mr. Calleja would tell Plaintiff that she was "over," and reduce her hours in the timekeeping system, Paycom.

21. Beginning in February 2021 and continuing through her separation, Plaintiff worked hours and workweeks in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

22. Plaintiff is entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendant's actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

25. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

**WHEREFORE**, Plaintiff respectfully requests that final judgment be entered in her favor against Defendant as follows:

a. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

b. Unpaid overtime compensation;

c. Liquidated damages;

d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: December 15, 2021

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017